J-S19027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TAMMY EMMETT | |
| Appellant | No. 2026 EDA 2015 |

Appeal from the Order entered  June 19, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0006544-2009

BEFORE:  BENDER, P.J.E., STABILE, and MUSMANNO, JJ.

JUDGMENT ORDER BY STABILE, J.:　　　　　**FILED NOVEMBER 03, 2016**

Appellant, Tammy Emmett, *pro se* appeals from the June 19, 2015 order of the Court of Common Pleas of Delaware County denying Appellant's "Application for Discharge from Payment of Fines, Costs, and Restitution" ("Application for Discharge").  Upon review, we affirm.

The trial court aptly summarized the factual and procedural background of this matter in its Pa.R.A.P. 1925(a) opinion, which we incorporate here by reference.  Trial Court Opinion, 8/27/15.

On appeal, it appears Appellant is challenging the trial court's denial of her Application for Discharge; however, the grounds for the challenge are nowhere to be found in her rambling brief.  This reason alone is sufficient to

find waiver. **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009).[1]

Additionally, we note that Appellant failed to file a Rule 1925(b) statement, despite being so ordered by the trial court. Once again, this reason alone is sufficient to find waiver. **See**, **e.g.**, **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). To the extent Appellant otherwise preserved her challenges, we conclude Appellant is not entitled to relief for the reasons the trial court stated in its Rule 1925 opinion. Trial Court Opinion, 8/27/15, at 3-4. We direct that a copy of the trial court's August 27, 2015 opinion be filed along with this judgment order and attached to any future filings in this case.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2016

---

[1] Not only did Appellant not provide her reasons for challenging the order, she essentially failed to comply with all rules of appellate briefing. Pursuant to Pa.R.A.P. 2101, failure to "conform in all material respects with the requirements of these rules" may result in the quashal or dismissal of appeal if the defects are in the brief and are substantial.